UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>Plaintiff,<br><br>v.<br><br>ADA COUNTY, et al.,<br><br>Defendant. | Case No. 1:19-cv-00301-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Plaintiff Raul Mendez's Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. 2. Also before the Court is Mendez's Motion to Withdraw his Motion for Default Judgment. Dkt. 12. The Court finds the matter appropriate for decision without oral argument. *See* Fed.R.Civ.P. 78; L.R. 7.1. For the reasons set forth below, the Court will deny Mendez's motion for a temporary restraining order and injunction, and grant his motion to withdraw.

## BACKGROUND

Mendez filed a complaint against Ada County and Republic Services alleging violations of the Constitution, the Fair Debt Collection Practices Act, the

Federal Trade Commission Act and the Idaho Consumer Protection Act, and intentional infliction of emotional distress and damage to reputation. *Compl.* ¶¶ 1-6. Mendez alleges that the Ada County Commissioners unlawfully enacted Ada County Code 5-2-4-1, which requires owners of occupied properties to maintain trash collection services and pay associated fees. Mendez claims he has been living with his mother and is thus not using the trash collection service. When he asked the county to discontinue service, the county staff refused, citing the county ordinance. *Compl.* ¶¶ 12-19. Mendez alleges that he stopped paying for his trash services and the county began certifying the collection fees to his property tax rolls. *Compl.* at 33, 37.

In his Motion for Temporary Restraining Order and Preliminary Injunction, Mendez asks the Court to require Ada County to 1) remove the trash fees that have been certified to his property tax roll, 2) stop certifying delinquent payments for his trash bills to his tax rolls, and 3) stop making trash service mandatory. *Pl.'s Mot.* ¶¶ 1-3. Mendez also seeks wavier of the requirement for bond. *Id.* ¶ 4.

Mendez filed a motion for default judgment (Dkt. 11) alleging Defendants had failed to file their answer. Defendants filed their answer on September 30, 2019. However, Mendez did not receive a copy until late October 2019. Dkt. 12. Now that he is aware of the answer, he seeks to withdraw his motion for default judgment. *Id.*

# ANALYSIS

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (citation omitted). A "possibility" of irreparable harm is insufficient; irreparable injury must be "likely" in the absence of an injunction. *Winter*, 555 U.S. at 24.

A "court may issue a preliminary injunction only on notice to the adverse party." Fed.R.Civ.P. 65(a)(1). And a court may issue a temporary restraining order without notice only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed.R.Civ.P. 65(b)(1).

Mendez has failed to articulate specific facts showing that he will suffer irreparable injury before final resolution of this case. Mendez has not offered any

argument or authority to support his request for an injunction. Mendez asks the Court to enjoin further trash service, and the associated fees. He also seeks an order requiring Defendants to remove unpaid fees from his property tax rolls. The only harm Mendez will suffer without an injunction is the accumulation of trash collection fees. "Mere financial injury, however, will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation." *Goldie's Bookstore, Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 471 (9th Cir. 1984). If Mendez is ultimately successful, his harm is easily compensable in damages.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 2) is **DENIED**.

2. Plaintiff's Motion to Withdraw his Motion for Default Judgment (Dkt. 12) is **GRANTED**.

DATED: November 4, 2019

B. Lynn Winmill
U.S. District Court Judge