UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>ADA COUNTY; ADA COUNTY<br>COMMISSIONERS; ADA COUNTY<br>TREASURER; ADA COUNTY<br>BILLING SERVICES; SCOTT<br>WILLIAMS, LYN CALL and any<br>other employees of the ADA<br>COUNTY BILLING SERVICES;<br>ADA COUNTY CLERK; ADA<br>COUNTY RECORDER; AMMON<br>TAYLOR; REPUBLIC SERVICES,<br><br>        Defendants. | Case No. 1:19-cv-00301-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

**INTRODUCTION**

Before the Court is Ada County Defendants' Motion to Dismiss Plaintiff's

Amended Complaint and Demand for Jury Trial (Dkt. 32) in which Republic

Services has joined (Dkt. 39); Ada County's Motion to Exclude Exhibits from

Mendez's response to the motion to dismiss (Dkt. 44); Ada County's Motion to

Stay Discovery (Dkt. 50); Mendez's Motion for a Temporary Restraining Order

(Dkt. 41); Mendez's Motion for Sanctions (Dkt. 42); and, Mendez's Motion to Strike (Dkt. 56). The motions are fully briefed and at issue. Having carefully reviewed the parties' filings, the Court will grant Defendants' motion to dismiss, grant in part and deny in part Defendants' motion to exclude and deny the remaining motions.

## BACKGROUND

*Pro se* Plaintiff Raul Mendez filed his complaint against Defendants on August 2, 2019. Dkt. 1. In his complaint he asserts multiple causes of action including violation of his fifth and fourteenth amendment rights, violations of the Fair Debt Collections Practices Act, intentional infliction of emotional distress, and violations of the Federal Trade Commission Act and Idaho Consumer Protection Act. *Id*. at 2.

On January 10, 2020, Mendez filed an amended complaint, which adds the Ada County Clerk and Recorder as defendants, adds RICO and fraud claims, and alleges facts which occurred after his original complaint was filed. Dkt. 25. On March 19, 2020, the Court denied Defendants' motion to strike the amended complaint. Dkt. 31.

The following facts are taken from the amended complaint. Dkt. 25. Mr. Mendez is a resident of, and owns a home in, Ada County. Although Mendez owns

a home in Ada County, he spends most of his time at his mother's home as her caregiver.

In February 2015, the Ada County Treasurer Vicky McIntyre filed a criminal complaint against the Ada County Commissioners related to donations made by Republic Services. Republic Services has the contract to collect trash for Ada County. While the Attorney General's Office found that the commissioners had received donations from Republic, and had continued to award contracts and rate increases to Republic, the AG's office ultimately determined the donations were legal.

On April 30, 2017, Mendez contacted Ada County Billing Services to inquire how to discontinue the trash service at his home as he was not living there. Ada County staff informed Mendez that he could not discontinue trash services at an occupied residence, and that if he stopped paying the fees would be certified to his property tax roll. Ada County staff sent Mendez a copy of the trash ordinance, Ada County Code § 5-2-4-1, and informed him that if he would like to discontinue his trash services he would have to make that request to the Ada County Commissioners.

On October 2, 2017, Mendez spoke with Ammon Taylor, a Deputy Ada County Prosecutor. Taylor told Mendez that Mendez's home was occupied and the

trash service was available for him to use. Taylor further told Mendez, "[p]lease do not dispose of your household trash by placing it in another customer (sic) can or in a business or public dumpster." Mendez states that this response implies that Ada County has a "deep distrust of Latino people and the county will not believe any explanation Mr. Mendez provides much less that the county will investigate the Hispanic customer explanations." *Id.* ¶ 27. Taylor also told Mendez that the ordinance provided options for exemption from the service. Mendez states that he wasn't given any options. Ada County had stopped all contacts with Mendez on October 14, 2017 after one of his calls—telling him to find a lawyer.

On October 18, 2017, Mendez contacted Republic Services, which has the contract to collect trash with Ada County Billing Services, and asked how trash collection fees are split between Ada County and Republic Services, and who he should contact regarding billing and contract questions. Republic Services refused his request.

On June 20, 2018, Mendez submitted a public records request to Ada County asking for any research studies or other evidence used by the Ada County Commissioners to make the determination that trash services should be mandatory and how much money public officials have received from Republic Services. On June 29, 2018, Ada County responded by admitting that they have no studies or

evidence to support making trash services mandatory. The County denied
Mendez's request regarding payments from Republic Services to public officials.

On June 11, 2018, Mendez received a collections letter at his mother's home
notifying him that if he didn't pay his trash bill by July 31, 2018 the account would
be certified to his property taxes on August 20, 2018. Mendez told Ada County
staff multiple times that his trash service was not being utilized and to stop billing
him. Mendez asserts that Ada County staff never directed him to the options for a
waiver, or explained how the process worked. However, Mendez also admits that
Ada County staff sent him a copy of Ada County Code § 5-2-4-1, which contains
provisions for obtaining an exception from mandatory trash services, and told him
that he would need to make the request through the Ada County Commissioners.

On November 24, 2018, Mendez contacted Ada County Billing Services to
inform them that his request falls under the temporary vacancies portion of the
ordinance, but the County never offered to waive the trash collection fee. Mendez
states that "because the evidence suggests that staff did not believe Mr. Mendez
(sic) explanations and they believed the Latino was trying to get out of paying the
service." To date, Ada County has certified $ 811.05 in delinquent trash fees to
Mendez's property taxes.

In his amended complaint Mendez added allegations that the Ada County

Recorder improperly kept a record of two liens on his property. The liens were obtained by his homeowner's association and the City of Boise, and are unrelated to the above described trash fee dispute. *Id.* ¶ 42. Mendez asked the Recorder's office to remove the liens. At least one of the liens is expired and Mendez believes the other, by the City of Boise, is improper.[1] The Recorder's office told Mendez that it acts as a library and does not confirm the validity of records. Mendez explained that the lien from the HOA was expired. The Recorder's office staff told Mendez the lien was still showing as active, and that any lien that was not satisfied would continue to show as active. The Ada County Clerk provided Mendez with a copy of the HOA lien and advised him to speak to an attorney to "satisfy" the lien. The County did not cite specific authority to keep expired liens showing as active, but sent Mendez portions of the Idaho Recorder's Manual. The County also indicated that Mendez could sue the county in County district court if he felt the request was improperly denied. Mendez instead chose to the claims to this lawsuit and add the County Clerk and Recorder.

Ada County filed a motion to dismiss Mendez's complaint for failure to state

---

[1] The underlying debt leading to the lien involved unpaid sewer fees and was the subject of *Mendez v. City of Boise*, Case No. 1:20-cv-00061-BLW (D. Idaho) (dismissed for failure to state a claim); Case No. 1:19-cv-00049-BLW (D. Idaho) (remanded for lack of subject matter jurisdiction).

a claim, which Republic Services joined. Ada County also asserts that the Court does not have jurisdiction over Mendez's claims against the Clerk and Recorder because the claims do not rise out of a common nucleus of operative fact. In his response, Mendez included a copy of the County Ordinance relating to trash service fees, responses to his public records requests, information regarding an investigation into payments made to the county commissioners by Republic services, and several news articles. The County has moved to strike these attachments.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570.

The Supreme Court identified two "working principles" that underlie

*Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not

accept as true legal conclusions that are couched as factual allegations. *Id*. Rule 8

does not "unlock the doors of discovery for a plaintiff armed with nothing more

than conclusions." *Id*. at 678-79.  Second, to survive a motion to dismiss, a

complaint must state a plausible claim for relief. *Id*. at 679. "Determining whether

a complaint states a plausible claim for relief will ... be a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense."

*Id*. To state a plausible claim for relief, a party must show "more than a sheer

possibility that a defendant has acted unlawfully." *Id*. at 678. While there is no

"probability requirement," the facts alleged must allow "the court to draw the

reasonable inference that the defendant is liable for the conduct alleged." *Id*.

A dismissal without leave to amend is improper unless it is beyond doubt

that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*,

573 F.3d 728, 737 (9th Cir. 2009 ) (issued 2 months after *Iqbal* ). The Ninth

Circuit has held that "in dismissals for failure to state a claim, a district court

should grant leave to amend even if no request to amend the pleading was made,

unless it determines that the pleading could not possibly be cured by the allegation

of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection

Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff

will prevail but whether he "is entitled to offer evidence to support the claims."

*Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir.2007) (citations omitted).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir.1987 ). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866, n. 1 (9th Cir.2004 ). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005 ).

## ANALYSIS

### A.    Motion to Exclude

The County seeks to strike or exclude the exhibits attached to Mendez's response. Dkt. 44. Mendez replies that Defendants have not met their discovery obligations and that the "matters in [the] amended complaint are of such public interests that the Motion to Dismiss should not be entertained at this stage without

Discovery….” Dkt. 53.[2]

Mendez has not sought leave to convert the motion to dismiss into a motion for summary judgment. Mendez's first exhibit is a copy of Ordinance 467 adopted by the Ada County Board of Commissioners on September 23, 2002. The Ordinance shows the amendments to Ada County Code 5-2-4-1 creating the requirements for mandatory trash service fees. It is signed by each commissioner and notarized. This is a public record, which the Court may take judicial notice of.

The remaining exhibits contain responses to Mendez's public records requests, the complaint filed against the Ada County Commissioners by the Ada County Treasure and investigative report, various news articles, Mendez's trash bill and notice of past due fees, and experts of Idaho Code related to small claims proceedings. The Court will exclude these exhibits. The Court notes that to the extent the Idaho Code is relevant to Mendez's claims the Court has reviewed the actual code and does not rely on Mendez's excerpts.

### B.    Motion to Dismiss

---

[2] Mendez argues he should be able to obtain discovery prior to the Court deciding his motion to dismiss. Mendez misunderstands the purpose of a motion to dismiss, which is to test the sufficiency of the claims in the complaint. A motion to dismiss is a procedural mechanism to avoid the expenses of discovery, and further litigation, on claims that have no chance of succeeding from the beginning. To survive a motion to dismiss the plaintiff must allege facts *in the complaint* to state a claim for relief.

### 1.  42 U.S.C. § 1983

Mendez brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

To bring a § 1983 claim against a municipality (local governmental entity) or a private entity performing a government function, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to

deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). Further, a municipality or private entity performing a state function "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

First, Mendez alleges the ordinance requiring mandatory payment of trash collection fees violates his procedural due process rights. Dkt. 25 ¶¶ 55-56. The ordinance was properly enacted by the Board of Commissioners, pursuant to Idaho law. *Pl.'s Ex. 1*, Dkt. 40-1 at 1-2; *see* I.C. §§ 31-4402, 31-4404, 39-7405. Mendez

has not claimed that the County exceeded its authority under Idaho law, and even if

he had it would not arise to a violation of due process. The County Commissioners

established the mandatory trash collection fee by enacting it as part of the County

Code in 2002, and provided the commissioners with authority to set the amount of

the fee. Setting rates is a legislative act. *See Prentis v. Atl. Coast Line Co.*, 211

U.S. 210, 225 (1908). Procedural due process does not apply to legislative acts.

*Blocktree Properties, LLC v. Pub. Util. Dist. No. 2 of Grant Cty. Washington*, No.

2:18-CV-390-RMP, 2020 WL 1217309, at *6 (E.D. Wash. Mar. 12, 2020) (citing

*Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445–46 (1915)).

Therefore, Mendez cannot state a procedural due process claim for a fee set by the

County Commissioners.

Second, Mendez alleges an equal protection violation because "Ada County

has not provided a legitimate non-discriminatory reason for denying [Mendez] the

opportunity to waive the trash service when he is not using it" even though there is

a process to obtain a waiver. Dkt. 25 ¶ 59.

In pleading a § 1983 claim for violation of the Equal Protection Clause, a

plaintiff must show both a discriminatory purpose and a discriminatory effect. *See*

*Thornton v. City of St. Helens*, 425 F.3d 1158, 1166–67 (9th Cir.2005). To allege

the requisite discriminatory effect, a complaint must plead facts demonstrating that

the plaintiff was treated in a manner inconsistent with other similarly situated individuals. *Lacey v. Maricopa County*, 693 F.3d 896, 920 (9th Cir.2012). To allege a discriminatory purpose, a complaint must plead facts that establish that "the decision maker ... selected or reaffirmed a particular course of action at least in part 'because of', not merely 'in spite of', its adverse effects upon an identifiable group. *Wayte v. United States*, 470 U.S. 598, 610 (1985) (internal citation omitted).

Here, Mendez has not alleged that he applied for an exemption of the mandatory trash collection or applied for a vacancy – even though Ada County staff sent him a copy of the ordinance, which explains the options to request such an exemption. His only allegation is that Ada County Billing Services denied him the opportunity to request an exemption. The problem, with this allegation is that only the Ada County Commissioners, and not Ada County Billing Services, have the authority to grant such an exemption. Ada County Code § 5-2-4-1.C.3., 4.

Mendez alleges that the County "has a deep distrust of Latino people and the county will not believe any explanation Mr. Mendez provides much less that the county will investigate the Hispanic customer explanations." Dkt. 25 ¶ 27. Mendez has offered no facts suggesting that the County treats similarly situated individuals differently or denied him the opportunity to request an exemption because he is Latino. Mendez does not allege that the County staff knew of his ethnicity, let

alone relied on it in their interactions with him. Mendez has offered nothing beyond bare assertions to support his equal protection claim. *See Iqbal*, 556 U.S. at 680-81.

Mendez also seems to allege, although it is not clear from the complaint, that Republic Services acted under color of state law. Dkt. 25 ¶ 58. However, Mendez has only pled facts relating to Ada County's actions related to his request for information about the exemption process and his failure to pay the trash fee. Mendez asserts that Republic collects a fee from the mandatory trash service, but his pleading states that Republic is paid by the County and not by individual residents. Mendez has made no factual allegations that Republic in any way violated his constitutional rights.

Accordingly, the Court will dismiss Mendez's § 1983 claim without prejudice. It is plausible that Mendez is part of an identifiable group and there may be facts to support a claim under the Equal Protection Clause sufficient to support a claim. If Mendez wishes to pursue this claim he must file a motion to amend and a second amended complaint stating facts sufficient to state a plausible claim for an equal protection violation, as described above. If Mendez chooses to pursue this claim against individual Ada County staff members, he must describe with particularity how each individual staff member violated his rights under the equal

protection clause. If Mendez wishes to pursue this claim against the County, he must allege facts sufficient to show that the individual staff member, or members, were acting pursuant to County policy or custom as described in *Monell*.

### 2.  Fair Debt Collection Practices Act

Mendez alleges the County violated the FDCPA, 15 U.S.C. 1692, *et seq*. To state a claim under the FDCPA, a plaintiff must allege facts that establish the following: (1) plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a "debt collector" under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. *See Gutierrez v. State Farm Mut. Ins. Co.*, 2012 WL 398828, at *5 (N.D. Cal. Feb. 7, 2012). Mendez has not alleged that the debt he incurred for the missed payments on his trash fee are a "debt" under the FDCPA, nor that Ada County is a "debt collector."

A "debt collector" under the FDCPA is either (1) "a person" the "principal purpose" of whose business is the collection of debts; or (2) "a person" who "regularly" collects debts on behalf of others. § 1692a(6). A "creditor" is not a "debt collector under the FDCPA. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009) (citing § 1692(a)(6)(A)). Further the term "debt collector" specifically excludes any officer or employee of a state, or political

subdivision thereof, acting in performance of his or her official duties. §

1692a(6)(c), (8).

The County is clearly a creditor under the FDCPA and thus cannot be a debt

collector. *See* § 1692(a)(4) ( "The term 'creditor' means any person … to whom a

debt is owed). In addition, the County employees attempting to collect the trash fee

were acting in performance of their official duties, and are thus excluded from the

term "debt collector." § 1692a(6)(c), (8). Therefore, Mendez cannot state a claim

against the County or its employees under the FDCPA.[3]

Because Ada County is not a debt collector under the FDCPA, Mendez

cannot state a claim for relief under the FDCPA. Accordingly, this claim will be

dismissed with prejudice.

### 3.  Federal Trade Commission Act

Mendez alleges a claim under the FTCA, but the FTCA does not provide a

private right of action. *Carlson v. Coca-Cola*, 483 F.2d 279, 280 (9th Cir. 1973).

Therefore, Mendez cannot state a claim under the FTCA and this claim will be

dismissed with prejudice.

---

[3] Mendez alleges Ada County collects the trash fees on behalf of republic services. However, the facts in his complaint show that Republic Services has a contract to collect trash for Ada County and it is paid according to that contract. While the fees are ultimately used to pay Republic, it is clear from the complaint that the fees are owed to the County and not to Republic.

### 4.  RICO

To state a civil RICO claim, a plaintiff must allege four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and (5) causing injury to plaintiffs' business or property. *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005); *see also* 18 U.S.C. §§ 1964(c), 1962(c)). Each element of a RICO claim requires additional analysis: an "enterprise" is marked by association and control; a "pattern" requires a showing of "continuity"—continuous and related behavior that amounts to, or poses a threat of, continued criminal violations; and "racketeering activity" involves the violation of designated federal laws. In addition, a civil RICO plaintiff must allege that it was injured in his business or property "by reason of" a violation of RICO's substantive provisions. 18 USC § 1964(c).

The statute requires proving that an "enterprise" engaged in a "pattern of racketeering activity" in violation of federal criminal laws over a substantial period. "Racketeering activity" is defined in 18 USC § 1961 as 35 enumerate crimes. The plaintiff must show that the defendant committed at least two of the 35 RICO crimes.

Here it seems that Mendez alleges Republic Services bribed the Ada County commissioners to amend the county ordinance and increase the contract rate paid

to Republic for trash collection. Mendez further alleges that the certification of his unpaid trash fee to his property tax constitutes "unlawful collection of debt."

As discussed previously, the trash collection fee was enacted as part of a valid county ordinance in 2002. Further, the AG's office found that Republic's donations to the county commissioners was lawful. Mendez has not alleged facts showing that Republic and Ada County engaged in "racketeering activity" nor that he was injured in his property or business. Simply put, there is nothing unlawful in collecting a trash fee that is set by county ordinance. Further, Mendez has not alleged that Defendants have committed two or more of the enumerated RICO crimes. There is simply no set of facts, under which, Mendez could allege a RICO claim against Ada County or Republic Services. Accordingly, this claim will be dismissed with prejudice.

### 5. State Law Claims

Because the Court dismisses Mendez's federal causes of action it will decline to exercise jurisdiction over the state law claims and these claims will be dismissed without prejudice. If Mendez seeks to amend his complaint to raise the equal protection claim he may also reassert the state law claims. However, in the amended complaint he must plead facts sufficient to show that the claims are not barred by the Idaho Tort Claims Act. I.C. § 6-901, *et seq.* Further, if Mendez seeks

to raise claims against the Ada County Clerk and Recorder, he must plead facts sufficient to show that this Court has jurisdiction to hear the claims.

## ORDER

**IT IS ORDERED that:**

1. Defendants' Motion to Exclude (Dkt. 44) is **GRANTED in part and DENIED in part** as described above.

2. Defendants' Motion to Dismiss (Dkt. 32) is **GRANTED**. Plaintiff's § 1983 equal protection claim is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's FDCPA, FTCA, and RICO claims are **DISMISSED WITH PREJUDICE.** Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**. If Plaintiff seeks to file an amended complaint, he must file a motion for leave to amend with a copy of the amended complaint attached within 28 days of this order.

3. Plaintiff's Motion for Temporary Restraining Order (Dkt. 41) is **DENIED AS MOOT.**

4. Plaintiff's Motions for Sanctions (Dkt. 42, 52) are **DENIED**.

5. Defendant's Motion to Stay Discovery is **DENIED AS MOOT.** The Court notes that no discovery shall be conducted in this case until Plaintiff is granted leave to file an amended complaint and the Court

issues a revised scheduling order.

6. Plaintiff's Motion to Strike (Dkt. 56) is **DENIED AS MOOT.**

DATED: August 3, 2020

B. Lynn Winmill
U.S. District Court Judge